# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

ELI LILLY AND COMPANY,  )
                                  )
             Plaintiff,     )
                                    )
             v.          )     No. 1:17-cv-02865-TWP-MPB
                                    )
APOTEX, INC.,               )
                                    )
             Defendant.   )

## ENTRY ON APOTEX'S MOTION FOR RECONSIDERATION

On October 11, 2018, the Court issued its Entry Vacating *Markman* Hearing, wherein the Court vacated the parties' *Markman* hearing and ordered the parties to submit a joint proposed claim construction entry (Filing No. 130). The Court's Entry was based upon the parties' seeming agreement that the claim construction issues in this case had been resolved by the Court's decisions in other cases—*Eli Lilly & Co. v. Dr. Reddy's Laboratories, Ltd.*, No. 1:16-cv-308-TWP-MPB ("*DRL*") and *Eli Lilly & Co. v. Hospira, Inc.*, No. 1:16-cv-3460-TWP-MPB ("*Hospira*")—and that a *Markman* hearing was no longer necessary.

On October 18, 2018, Defendant Apotex, Inc. ("Apotex") filed the pending Motion for Reconsideration (Filing No. 132), asking the Court to amend the Entry Vacating *Markman* Hearing because the Court misapprehended Apotex's position and arguments, which resulted in an erroneous decision. Apotex asks the Court to amend the Entry so that it accurately reflects that Apotex did not agree with the position of Plaintiff Eli Lilly and Company ("Lilly") that the decisions in *DRL* and *Hospira* resolved the claim construction issues in this case.

After the claim construction issues were fully briefed in this case, Apotex suggested that the Court forego the *Markman* hearing based on, what appeared to the Court, the parties'

agreement that the Court's previous decisions in *DRL* and *Hospira* had resolved the claim construction issues in this case ([Filing No. 123](#); [Filing No. 124](#)). Apotex explains that its position was not in accord with Lilly's position regarding adoption of the Court's decisions from *DRL* and *Hospira*. Rather, Apotex clarifies that its position was that the Court should first determine whether its decisions in *DRL* and *Hospira* had resolved the claim construction issues in this case, not that the parties had agreed to such. Then Apotex would seek an interlocutory appeal on an expedited basis so that this case could be considered with the *DRL* and *Hospira* appeals.

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

The Court sees that there was an error of apprehension regarding the parties' agreement (or lack thereof) that the decisions in *DRL* and *Hospira* had resolved the claim construction issues in this case. In response to Apotex's Motion for Reconsideration, Lilly noted,

> [I]f the Court misapprehended Apotex's proposal to vacate the *Markman* hearing as a concession of the claim construction issues (rather than the conditional request that Apotex sought to make), then Lilly has no objection to the Court modifying its entry to reflect that it will proceed to decide the issues on the merits.

([Filing No. 135 at 2](#)–3).

In light of the misapprehension and Lilly's lack of objection to correcting any misapprehension, the Court **GRANTS** Apotex's Motion for Reconsideration ([Filing No. 132](#)). The Entry Vacating *Markman* Hearing ([Filing No. 130](#)) is **amended** to reflect that the parties are not in agreement that the *DRL* and *Hospira* decisions resolved the claim construction issues in this

case. The Court interprets the parties' positions as indicating that an actual *Markman* hearing is unnecessary. However, because the parties do not agree on the applicability of the *DRL* and *Hospira* decisions, the Court further **amends** the Entry Vacating *Markman* Hearing to **ORDER** the parties to submit separate proposed findings of fact and conclusions of law for all the disputed claim terms and phrases rather than to submit a joint proposed claim construction order within **thirty (30) days** of the date of this Entry. Thereafter, the Court will promptly issue an Order.

      **SO ORDERED.**

Date:   11/29/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Xiaomei Cai
RAKOCZY MOLINO MAZZOCHI SIWIK
xcai@rmmslegal.com

David M. Krinsky
WILLIAMS & CONNOLLY LLP
dkrinsky@wc.com

Kathryn Elias Cordell
KATZ KORIN CUNNINGHAM, P.C.
kcordell@kkclegal.com

Andrew Lemens
WILLIAMS & CONNOLLY LLP
alemens@wc.com

Anne N. DePrez
BARNES & THORNBURG, LLP
adeprez@btlaw.com

Adam L. Perlman
WILLIAMS & CONNOLLY LLP
aperlman@wc.com

Galina I. Fomenkova
WILLIAMS & CONNOLLY LLP
gfomenkova@wc.com

Deborah Pollack-Milgate
BARNES & THORNBURG, LLP
dmilgate@btlaw.com

Dov P. Grossman
WILLIAMS & CONNOLLY LLP
dgrossman@wc.com

William A. Rakoczy
RAKOCZY MOLINO MAZZOCHI SIWIK
wrakoczy@rmmslegal.com

Joseph T. Jaros
RAKOCZY MOLINO MAZZOCHI SIWIK
jjaros@rmmslegal.com

Cynthia Sun
RAKOCZY MOLINO MAZZOCHI SIWIK
csun@rmmslegal.com

Kristopher N. Kazmierczak
KATZ KORIN CUNNINGHAM, P.C.
kkaz@kkclegal.com

Sally F. Zweig
KATZ KORIN CUNNINGHAM, P.C.
szweig@kkclegal.com